UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAMON SERAFIN,
on behalf of himself, others similarly situated, **MEMORANDUM AND ORDER**
and the proposed Rule 23 Class, 11-CV-4382 (FB) (LB)

                Plaintiff,

    -against-

TOMKATS, INC., TOMKATS CATERING,
LLC d/b/a TOMKATS MOVIE CATERING,
and THOMAS E. MORALES,

                Defendants.
------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                                   *For Defendants:*
C.K. LEE, ESQ.                                 JONATHAN M. KOZAK, ESQ.
Lee Litigation Group, PLLC               Jackson Lewis LLP
30 East 39th Street, 2nd Floor            1 North Broadway, 15th Floor
New York, NY 10016                       White Plains, NY 10601

**BLOCK, Senior District Judge:**

        After reviewing the original documents, as well as the supplemental material submitted on March 29, 2013, the Court finds that plaintiff has presented sufficient evidence to establish that he and potential opt-in plaintiffs are similarly situated. Plaintiff's motion for collective certification pursuant to 29 U.S.C. § 216(b) is therefore granted. Upon consideration of the arguments raised by the parties regarding class certification and the notice to be provided, the Court hereby orders the following relief:

1.     Conditional certification of a class to include all caterers who were employed by defendants in New York for the three-year period prior to the filing of the Complaint and who have worked more than five full workdays within one workweek;

2. By April 26, 2013, defendants shall provide a list of names, title, last known address, telephone number, employment period, and compensation rate for all caterers employed by defendants in New York for the three-year period prior to the filing of the Complaint.

3. The Notice shall be mailed to all caterers employed by defendants in New York for the three-year period prior to the filing of the Complaint.

4. The Notice shall indicate that Ramon Serafin filed the suit, and that Jorge Ramirez and Jose Sosa have signed consent to sue forms.

5. The Notice shall include a statement of defendants' denial of liability.

6. The Notice may mention the New York spread of hours claim. If included, the Notice must explain that this state law claim has not yet been certified.

7. The Notice shall include language indicating that the Court expresses no opinion on the merits of the lawsuit.

8. The Notice shall include information about alternative options for potential plaintiffs and about the decisions that would be made on their behalf, such as:

> If you wish to participate in the portion of this lawsuit that seeks payment of overtime wages under the Fair Labor Standards Act, you must sign and return the enclosed Consent to Sue form as directed below. If you sign and return this form, you are agreeing to designate the class representatives as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.
>
> If you do not wish to participate in this lawsuit, you need not do anything.

>If you do not sign and return the enclosed Consent to Sue form as directed below, you will not be eligible to participate in the FLSA portion of this lawsuit, and will not be eligible to receive any benefits in the event that a settlement or judgment is obtained. You will be free, however, to separately file and pursue your own claims against the defendants.

9. The Notice shall provide contact information for both plaintiff's and defendants' counsel as sources for information about the lawsuit.

10. The Notice shall be mailed to the caterers' homes but not posted in defendants' offices or at clients' production sites.

11. The Notice shall indicate that there is a three-month period in which potential plaintiffs can return their opt-in forms.

12. The Notice shall indicate that potential plaintiffs may return their opt-in forms directly to the Clerk of the Court, or to plaintiff's counsel—but sufficiently in advance of the deadline to ensure that counsel timely files the forms.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 5, 2013